# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMAAL DORCH,                       )
                                    )
          **Plaintiff,**       )
                                    )
v.                                  )
                                    )      No. 11-2390-CM/JPO
                                    )
OWENS CORNING (UNION),              )
                                    )
          **Defendant.**       )
                                    )

## MEMORANDUM AND ORDER

Plaintiff Jamaal Dorch brings this employment action *in forma pauperis* against "Owens Corning (Union)," alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.[1]  Before the court is defendant's Motion to Dismiss (Doc. 12) based on lack of subject matter jurisdiction and/or failure to state a claim.  Because plaintiff failed to timely respond to defendant's dispositive motion, the court issued an order directing plaintiff to show cause why the motion should not be granted pursuant to Local Rule 7.4(b) and directing plaintiff to respond to the motion.  In response, plaintiff noted his *pro se* status; outlined the efforts he has made to comply with the court's rules and procedures; and set out arguments opposing dismissal.  Because it prefers to decide motions on their merits, the court will consider good cause to have been shown and will consider defendant's motion along with plaintiff's

---

[1] Although plaintiff named "Owens Corning (Union)" in both the complaint and the underlying EEOC charge, the complaint was served on Owens Corning Insulating Systems, LLC, ("defendant" or "Owens Corning") and defendant filed this motion to dismiss in lieu of an answer in an abundance of caution.  Defendant Owens Corning does not concede that it is the proper defendant in this case.

response. For the following reasons, the court grants defendant's motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

**The Complaint**

Plaintiff commenced this action by filing a form Employment Discrimination Complaint on July 14, 2011. In his complaint against "Owens Corning (Union)," plaintiff asserts harassment; retaliation; and discrimination in the terms and conditions of employment and in his termination. The complaint indicates that plaintiff believes he was discriminated against because he is black, and/or because of his "job performance/[he] had surgery 4 months prior." As the essential facts of his claim, plaintiff states simply:

> I believe I was retaliated against because of past incidents with and [sic] "supervisor." He was not my supervisor to my knowledge. He stated he was going to get me terminated and he did. I was written up, and Human Resources believed the write up when there were no witnesses. This is the second time this has happened with the same person. I was written up previously by the same person approx 1 year prior. I complained about harassment but nothing was done. I was told by my Union rep that "I got a target on my back."

(Doc. 1, at 3.)

Defendant filed the instant motion on August 19, 2011, and plaintiff subsequently filed a number of exhibits to his complaint. (*See* Docs. 14, 15, 16.)

Defendant argues this court lacks subject matter jurisdiction over plaintiff's complaint because plaintiff failed to name defendant in the underlying EEOC charge, and failed to exhaust remedies as to each of the claims plaintiff now raises in this action. Exhaustion is a prerequisite to filing an action under Title VII. *Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007); *Sizova v. Nat'l Inst. of Stands. & Tech.*, 282 F .3d 1320, 1325 (10th Cir. 2002).

**The EEOC Charge of Discrimination**

Attached to plaintiff's complaint is a charge of discrimination filed with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") on June 9, 2011. In the charge, plaintiff named "Owens Corning (Union)," and listed defendant's address. He asserted that between August 7, 2010, and August 12, 2010, he was discriminated against based on his color. In support, he stated:

> I was employed February 6, 2006, through August 12, 2010 working as a Package Product Technician.
> On July 29, 2010, I was involved in an incident and accused of being insubordinate and leaving my work area.
> I was suspended form [*sic*] work on August 7, 2010.
> I was not afforded the opportunity to file a grievance by the Union and I did not receive arbitration according to the Collective Bargaining Agreement.
> I was discharged on August 12, 2010.
> I was not represented by my Union because of my color in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 1, at 8.)

He received a "Dismissal and Notice of Rights" Letter from the EEOC dated June 22, 2011.[2]

## II. STANDARDS, ARGUMENTS, AND ANALYSIS

---

[2] The court notes that among the exhibits lately filed by plaintiff is Exhibit H, which appears to be a separate charge filed with EEOC and KHRC, and which names "Owens Corning" and alleges race discrimination and retaliation. (*See* Doc. 14-7, at 2.) However, plaintiff makes no references to or arguments concerning this exhibit. Furthermore, plaintiff's Exhibit M, which names the union president and two union stewards as defendants in a handwritten case caption, explains that "It was stated that I was very vague when I stated just the 'union' as the defendant. When I refer to the union of Owens Corning I am meaning Dan Messer - Union President . . . Tom Sumpter - Union Steward . . . [and] Kenny Bolton - Union Steward."

The only defendant served in this case is Owens Corning. Plaintiff has not filed a motion to add any defendants to this case. Although the court construes plaintiff's pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). Neither will the court speculate as to what forms the basis for plaintiff's lawsuit, or guess at who plaintiff intended to sue.

Defendant first argues that plaintiff's charge is insufficient to exhaust administrative remedies against defendant because it failed to put defendant on notice that it—rather than plaintiff's labor union—was the subject of a charge of discrimination.  As a general rule, a plaintiff must file an EEOC charge against a party before he can sue that party under Title VII.  *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (noting that requiring exhaustion of remedies serves to put an employer on notice of a violation prior to commencement of judicial proceedings); *see Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980) (plaintiff who only included employer in EEOC charge was not permitted to add a union to the lawsuit).

Furthermore, defendant argues that even if naming "Owens Corning (Union)" was sufficient to implicate defendant, the allegations contained in plaintiff's complaint exceed those contained in the charge and must be dismissed.  *See Almond v. Unified Sch. Dist. No. 501*, 749 F. Supp. 2d 1196 (D. Kan. 2010) (noting that a party may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances).

**Discussion**

The court agrees with defendant on both points.  The exhaustion requirement serves two purposes: to give notice of the alleged violation to the respondent, and to give the EEOC an opportunity to conciliate the claim.  *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004); *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994).  "Allowing a complaint to encompass allegations outside the ambit of the predicate charge would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party [of] notice of the charge."  *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1247 (D. Kan. 2001) (citations omitted).

A Title VII action may proceed against a defendant not named in the EEOC charge when

-4-

there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge sufficient to satisfy the purposes of the filing requirement—that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *See Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).[3] The essential inquiry in this case is whether defendant and the EEOC were sufficiently put on notice about the existence of and subject of the charge. *See Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993) (stating that "consideration of complaints not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made"), overruled on other grounds by *Davidson v. Am. Online, Inc.*, 337 F.3d 1179 (10th Cir. 2003); *see also Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) (stating that a suit "may include allegations of discrimination reasonably related to the allegations listed in the administrative charge").

This court construes EEOC charges liberally. However, even liberally construed, the claims in the EEOC charge are not like or reasonably related to those contained in the instant complaint. It cannot be inferred, from the facts alleged in the EEOC Charge of Discrimination, that plaintiff's former employer, defendant Owens Corning, violated Title VII. The charge is directed at the union and clearly alleges that plaintiff was not afforded certain rights under the Collective Bargaining

---

[3] In evaluating the failure to name a party in the administrative complaint, the court generally applies a four-factor analysis: (1) whether the complainant could have ascertained the role of the unnamed party through reasonable effort at the time he filed the EEOC complaint; (2) whether the interests of a named party are so similar as the unnamed party's that, for the purpose of obtaining voluntary conciliation and compliance, inclusion of the unnamed party in EEOC proceedings would be unnecessary; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the unnamed party's interests; and (4) whether the unnamed party has represented to the complainant that its relationship with the complainant is through the named party. *Romero*, 615 F.2d at 1312. Neither party addresses these factors in their briefing, but the court finds that these factors do not weigh in plaintiff's favor.

Agreement and was not represented by the union based on his color. The complaint, on the other hand, alleges plaintiff was subject to discrimination in his termination and in the terms and conditions of his employment; and that he suffered harassment and retaliation. The facts alleged in the complaint appear to imply that plaintiff's former employer, defendant Owens Corning, violated Title VII. To this extent, the court finds that the defendant is not clearly the subject of the EEOC charge, and the charge was insufficient to put defendant or the EEOC on notice of the claims now appearing in this complaint.

The burden is on plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that he exhausted administrative remedies. *See McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002). He has not carried this burden. Assuming without deciding that Owens Corning is the proper defendant, the court concludes that plaintiff's complaint against it must be dismissed for lack of subject matter jurisdiction. Based on this conclusion, the court will not address the argument that the complaint fails to state a claim for relief.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 12) is granted.

Dated this 13th day of October 2011, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**